JOHN J. NEARY *vs.* BENJAMIN W. BARROWS, JR.

MARCH 13, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This bill in equity was brought to enjoin the respondent, a judgment creditor of the complainant, from taking out another execution to run against the goods and chattels of the complainant or for want thereof against his body. After a hearing in the superior court upon bill, plea, replication and stipulated facts, a final decree was entered denying and dismissing the bill of complaint. The cause is before us upon complainant's appeal from this decree.

The respondent, having obtained in a tort action in the superior court a judgment against the complainant, took out an execution thereon returnable November 21, 1937. Apparently this execution was never served or satisfied. Before

its return-day, and upon the petition and affidavit of respondent's attorney showing the loss of the original, another execution was issued, returnable on April 22, 1938. Upon this execution, complainant was arrested and committed to jail. He was later released by order of the superior court, on *habeas corpus,* on the ground that this second execution was illegal, since it was not issued "in the place of the one so lost or destroyed". General laws 1923, chap. 353, sec. 5 (now G. L. 1938, c. 552, § 5).

Subsequently, on April 23, 1938, the respondent wrote to the complainant, threatening him with arrest upon another execution, if some arrangements were not made to satisfy the judgment. The complainant then brought this bill of complaint to enjoin the respondent from taking out another execution. The latter, by permission of court, filed a plea to the bill, setting forth in greater detail the facts above recited and adding certain other allegations. To this plea the complainant filed a so-called "demurrer" which was denied, after a hearing thereon in which it was treated as an exception to the plea. Complainant then filed a replication to the respondent's plea and the cause was assigned for hearing on the merits. It was there stipulated by the parties that the facts recited in the plea should be taken as having been so testified to by the respondent. No other evidence was introduced to contradict any of such facts and thereupon the decree appealed from was entered.

The complainant relies practically entirely upon his fourth reason of appeal, namely, that the decree is contrary to law. He contends that the decree is based upon a plea that is insufficient in law to bar the complainant's bill of complaint. The respondent, however, contends that the plea was held by the trial court to be sufficient in law and that there is no error in such ruling. We are constrained by existing statutes and circumstances to hold that the ruling of the trial justice in this regard is correct.

The complainant's chief contentions, as stated in his brief, are that "the defendant in execution having been once imprisoned for debt, although the process was void and illegal, cannot be again imprisoned for the same debt on another execution, and that if such another execution were issued it would be void." But he presents no statute or case in this state to support either of these contentions, as applied to the circumstances here. The complainant's first contention is forceful upon the view that the statute should provide such an exemption from further arrest; but such an argument is properly addressed to the legislature, since we are bound by the provisions in the prevailing statute.

The complainant does not dispute the right generally to arrest and commit, upon an execution in a tort case, a defendant in execution who is not exempt by statute from such an arrest. He appears, however, to rely upon chap. 353, sec. 17, G. L. 1923 (now c. 552, § 17, G. L. 1938) which limits this general right. This section prohibits an arrest upon an execution where the defendant therein has been previously arrested upon the original writ in the same case, and has been released, and his bail, if any, discharged.

In this way the legislature apparently confined such protection from a second arrest to a defendant who was once arrested *before trial* upon an *original writ*. If it had so desired, the legislature could have prohibited also the arrest of a defendant in execution whenever he had been previously released from arrest upon an original writ *or upon any execution, valid or invalid, in the same case.* Its failure to do so is significant; as is also the fact that sec. 11 of that chapter, in permitting executions against the body except in certain cases of exemption, does not expressly exempt such a defendant in execution as appears in the instant cause.

It is clear from the allegations of the plea herein, which are admitted by the complainant, that there was no arrest made upon the original writ in the law action, and also that the

complainant's arrest and commitment upon the second execution was held to be invalid and void. The effect of this would seem to be to leave the case in the position where it was before the second execution was issued, at least so far as it concerned the right of the respondent to seek a legal satisfaction of his judgment through a proper execution. See *M'Cormick* v. *Melton,* 5 Tyrwhitt's Rep. 147; *Amsinck* v. *Harris,* 3 Ohio Dec. 472. We do not think that the complainant's first contention can be sustained under the existing statutory provisions and circumstances.

The second of complainant's contentions is that another execution, if issued by the court as prayed for, would be void. Why this would be necessarily so, is not clear from anything in complainant's brief or argument. The three cases cited do not appear to us to be pertinent to this issue in the circumstances of this cause. In any event, no reason has been shown why the court would have been without power, upon a proper showing by the respondent and within six years of the return-day of the last valid execution, to have ordered another execution, in accordance with the provisions of §§ 4, 5 and 6 of chap. 552, G. L. 1938. The complainant makes a further contention, which need not be discussed because it seems to us that it is premised entirely upon the validity of his first two contentions, neither of which can be sustained in the circumstances of this cause.

The complainant's appeal is therefore denied, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Frederick M. Langton, Lester T. Murphy,* for complainant.
*William A. Gunning,* for respondent.